# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MEL M. MARIN,                              :
                                          :
        Plaintiff,          :          Civil Action No.:    09-2059 (RMU
                                          :
        v.                 :          Re Document No. :  8
                                          :
SECRETARY OF THE DEPARTMENT               :
OF HEALTH AND HUMAN SERVICES,             :
                                          :
        Defendant.         :

## MEMORANDUM OPINION

### GRANTING THE DEFENDANT'S MOTION TO DISMISS AS CONCEDED

This matter is before the court on the defendant's motion to dismiss or, in the alternative, for summary judgment. On October 30, 2009, the plaintiff commenced this action alleging that the defendant violated the Privacy Act, 5 U.S.C. § 552a, when it refused to process his request for his mother's medical records despite his presentment of her health care power of attorney designating him to act in such matters on her behalf. *See generally* Compl. On June 18, 2010, the defendant filed the pending motion to dismiss or, in the alternative, for summary judgment. *See generally* Def's Mot. to Dismiss or, in the Alternative, for Summ. J. On June 28, 2010, the court ordered the plaintiff to respond to the defendant's motion on or before July 30, 2010, or risk the court treating the motion as conceded. Order (June, 28, 2010). That order was mailed to the plaintiff at his address of record, but was returned to the court as undeliverable on July 6, 2010. *See* Dkt. No. 11. To date, the plaintiff has neither opposed the defendant's motion to dismiss nor provided the court with an updated mailing address.

The court takes judicial notice of the fact that the plaintiff is no stranger to this court's procedures. A search of the district court's dockets reveals that he has brought more than twelve

civil actions *pro se*, six of which were resolved on dispositive motions. In this case, the plaintiff has failed to respond to the pending dispositive motion. Moreover, the plaintiff has failed to comply with his obligation to keep the court informed of his current mailing address. LCvR 5.1(e)(1). The latter can serve as no excuse for the former. A plaintiff's failure to respond to a motion to dismiss permits the court to treat the motion as conceded. *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294-95 (D.C. Cir. 2004). Accordingly, the court grants the defendant's motion to dismiss. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 7th day of September, 2010.

RICARDO M. URBINA
United States District Judge